IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Eric Beard, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23 C 50033 |
| | ) | |
| vs. | ) | |
| | ) | |
| Equifax Information Services LLC, | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## **ORDER**

For the reasons stated below, defendant's motion to dismiss [10] is granted. Plaintiff's complaint is dismissed without prejudice and plaintiff is given leave to file an amended complaint which properly states a claim on or before May 1, 2023.

## **STATEMENT**

Plaintiff, Eric Beard, filed this action in state court against defendant, Equifax Information Services LLC. Defendant removed [1] to this court premised on diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a)(1). The notice of removal alleges plaintiff is a citizen of Illinois and that defendant's sole member is Equifax, Inc., a Georgia corporation with its principal place of business in Georgia. The complaint asserted an amount sought of $143,586.00. subject matter jurisdiction is proper. Defendant moves [10] to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff has not filed a response to the motion.

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level, this requirement is met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Plaintiff need only allege the events he believes entitles him to damages from defendant. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Informing defendant of the factual basis for his complaint is all that is required "to stave off threshold dismissal for want of a statement of [his] claim." *Id*.

The complaint in its entirely states "$143,586.00 amount. For Defamation of Character." The complaint states no facts at all. The complaint does not inform defendant of the factual basis for his complaint. *Id.* Therefore, plaintiff's complaint is dismissed.

Plaintiffs normally should be given leave to amend after dismissal of an initial complaint. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 518 (7th Cir. 2015). The court will allow plaintiff leave to amend. On or before May 1, 2023, plaintiff may file an amended complaint which properly states a claim.

For the foregoing reasons, defendant's motion to dismiss is granted. Plaintiff's complaint is dismissed without prejudice and plaintiff is given leave to file an amended complaint which properly states a claim on or before May 1, 2023.

Date: 3/31/2023                                 ENTER:

_____
United States District Court Judge


Notices mailed by Judicial Staff.